UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br>*Plaintiff*,<br><br>v.<br><br>LUIS ENRIQUE VAZQUEZ GONZALEZ;<br>GUILLERMO FLORES; LYDIA<br>PICHARDO, AS NEXT FRIEND OF<br>R.A.G., MINOR AND HEIR OF THE<br>ESTATE OF ANTONIO GAMEZ, JR.,<br>DECEASED; RAYMON GAMEZ,<br>INDIVIDUALLY AND AS HEIR TO THE<br>ESTATE OF ANTONIO GAMEZ, JR.;<br>AND ANA CRISTINA GAMEZ,<br>INDIVIDUALLY, AS HEIR TO THE<br>ESTATE OF ANTONIO GAMEZ, JR.,<br>AND ON BEHALF OF ALL PERSONS<br>ENTITLED TO RECOVER UNDER THE<br>TEXAS WRONGFUL DEATH ACT<br>*Defendants*. | CIVIL ACTION NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Scottsdale Insurance Company ("Scottsdale") names as defendants Luis Enrique Vazquez Gonzalez ("Vazquez"); Guillermo Flores ("Flores"); Lydia Pichardo, As Next Friend Of R.A.G., Minor And Heir Of The Estate Of Antonio Gamez, Jr., Deceased ("Pichardo"); Raymon Gamez, Individually And As Heir To The Estate Of Antonio Gamez, Jr. ("Raymon Gamez"); and Ana Cristina Gamez, Individually, As Heir To The Estate Of Antonio Gamez, Jr., And On Behalf Of All Persons Entitled To Recover Under The Texas Wrongful Death Act ("Ana Christina Gamez"); and submits this Complaint for Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 and show:

***PARTIES***

1. Scottsdale is a corporation organized and existing under the laws of the State of

Arizona with its principal place of business in Scottsdale, Arizona.

2. Luis Enrique Vazquez Gonzalez is a defendant in the underlying lawsuit and is a citizen of the state of Texas. He may be served at his place of residence: 7611 Bonita Street, Houston, TX 77016, or wherever he may be found.

3. Guillermo Flores is a defendant in the underlying lawsuit and is a citizen of the state of Texas. He may be served at his place of residence: 300 Chambers Street, Conroe, TX, 77301, or wherever he may be found.

4. Lydia Pichardo, As Next Friend Of R.A.G., Minor And Heir Of The Estate Of Antonio Gamez, Jr., Deceased, is a plaintiff in the underlying lawsuit and is a citizen of the state of Texas. She may be served at her place of residence: 5110 Weidmar Lane, Apartment D, Austin, TX 78745, or wherever she may be found.

5. Raymon Gamez, Individually And As Heir To The Estate Of Antonio Gamez, Jr., is a plaintiff in the underlying lawsuit and is a citizen of the state of Texas. He may be served at his place of residence:10007 Misty Trail, Houston, TX 77088, or wherever he may be found.

6. Ana Cristina Gamez, Individually, As Heir To The Estate Of Antonio Gamez, Jr., And On Behalf Of All Persons Entitled To Recover Under The Texas Wrongful Death Act, is a plaintiff in the underlying lawsuit and is a citizen of the state of Texas. She may be served at her place of residence: 257 Maple Lane, Conroe, TX 77304, or wherever she may be found.

***JURISDICTION AND VENUE***

7. The court has jurisdiction pursuant to 28 U.S.C. 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C.

1391(b)(1)-(2), in that it is the judicial district in which defendants reside and all defendants are Texas citizens.

## *FACTUAL BACKGROUND*

9.  The defendants to this action have been involved in litigation in Dallas County District Court resulting from a tort claim. Such underlying lawsuit is styled: Cause No.: DC-17-14806; *Lydia Pichardo, As Next Friend Of R.A.G., Minor And Heir Of The Estate Of Antonio Gamez, Jr., Deceased; Raymon Gamez, Individually And As Heir To The Estate Of Antonio Gamez, Jr.; And Ana Cristina Gamez, Individually, As Heir To The Estate Of Antonio Gamez, Jr., And On Behalf Of All Persons Entitled To Recover Under The Texas Wrongful Death Act v. Cavalry Construction Company, Inc., Ferris Structures, LLC; Luis Vasquez Gonzalez; and Guillermo Flores*; 116th District Court, Dallas County, Texas.[1]

10.  The Third Amended Petition alleges that on or about August 3, 2017, Antonio Gamez, Jr., was performing roof repairs on the roof of an industrial building located at 400 Roy Hoppy Hopkins Road, Vivian, Louisiana, when he fell through a hole in the roof.[2] Mr. Gamez sustained injuries and later died as a result of the fall.[3] The petition alleges the owner of the building had contracted with Cavalry Construction ("Cavalry") to perform the roof repair.[4] Cavalry had subcontracted with Ferris Structures, LLC ("Ferris") who had subcontracted with you and/or Guillermo Flores ("Flores").[5] The petition alleges that Mr. Gamez "had been recruited and employed by LVG and/or Flores in Houston to join the crew that was performing the roof repair work on the building."[6] The Third Amended Petition also states that "Defendants

---

[1] ***Exhibit A:*** Third Amended Petition in the underlying lawsuit.
[2] Ex. A: Third Amended Petition, ¶ 10.
[3] Ex. A: Third Amended Petition, ¶ 10.
[4] Ex. A: Third Amended Petition, ¶ 10.
[5] Ex. A: Third Amended Petition, ¶ 10.
[6] Ex. A: Third Amended Petition, ¶ 10.

Cavalry, Ferris, LVG and Flores (jointly Defendants) exercised and retained control over the manner in which the work was performed by Antonio Gamez, Jr....."[7]

11. The petition alleges that Cavalry agreed by contract with the building owner to take safety precautions to prevent injury and to be solely responsible for such precautions.[8] It is further alleged that Cavalry had control over fall protection at the worksite.[9] It is also alleged that Cavalry had at least two opportunities to prevent the accident.[10] It is also alleged that prior to the accident you and/or Flores observed workers on the roof without adequate fall protection.[11] Plaintiffs bring causes of action for negligence and gross negligence against all defendants and for negligent undertaking against Cavalry.[12] The damages being claimed include wrongful death damages; survival damages; prejudgment and post judgement interest.[13]

12. Vazquez stated under oath that he did not contract for work on this job site but did loan out two workers to Flores, who is an acquaintance in the construction field and who did contract for the job.[14] Vazquez further stated that the decedent, Antonio Gamez, Jr., is unknown to him.[15]

## *POLICY AND REQUEST FOR DECLARATORY RELIEF*

13. Scottsdale issued Commercial General Liability policy number CPS2584359, effective 10/28/2016 to 10/28/2017, each occurrence limit: $1,000,000, to "Luis Vasquez".[16] The policy provides coverage for "those sums that the insured becomes legally obligated to pay as

---

[7] Ex. A: Third Amended Petition, ¶ 16.
[8] Ex. A: Third Amended Petition, ¶ 11.
[9] Ex. A: Third Amended Petition, ¶ 12.
[10] Ex. A: Third Amended Petition, ¶ 12.
[11] Ex. A: Third Amended Petition, ¶ 14.
[12] Ex. A: Third Amended Petition, ¶ 15-28.
[13] Ex. A: Third Amended Petition, ¶ 29-33.
[14] *Exhibit B:* Deposition of Luis Vazquez, 16:23 to 17:1; 19:21 to 20:12; 26:4-12; 28:11-23.
[15] Ex. B: Deposition of Luis Vazquez, 11:19-21.
[16] *Exhibit C:* Scottsdale policy number CPS2584359.

damages because of 'bodily injury' or 'property damage' ... caused by an 'occurrence' ... during the policy period."[17] The Scottsdale policy contains the following Injury to Worker Exclusion endorsement:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PERSONAL PROPERTY DAMAGE LIABILITY**
>
> \*\*\*
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> \*\*\*
>
> **e. Employer's Liability**
>
> "Bodily injury" to:
>
> > (1) An "employee" of the insured arising out of and in the course of:
> >
> > > (a) Employment by the insured; or
> > >
> > > (b) Performing duties related to the conduct of the insured's business; or
>
> \*\*\*
>
> This exclusion applies:
>
> (1) Whether the insured may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

The Injury to Worker Exclusion endorsement also adds the following exclusion:

This insurance does not apply to:

---

[17] Ex. C: Scottsdale policy, insuring agreement.

1. "Bodily injury" to:

   a. An "employee," "leased worker," "temporary worker," or "volunteer worker" of any insured;

   b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or

   c. Any employee or anyone directly or indirectly employed by such contractor, subcontractor, or sub-subcontractor or anyone for whose acts such contractor, subcontractor or sub-subcontractor may be liable

   if such "bodily injury" arises out of and in the course of their employment or retention of such contractor, subcontractor, or sub-subcontractor, regardless of whether or not it is caused in part by you; or

2. Any obligation of any insured to defend, indemnify or contribute with another because of "bodily injury" to:

   a. An "employee," "leased worker," "temporary worker," or "volunteer worker" of any insured;

   b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or

   c. Any employee of any contractor, subcontractor, or sub-subcontractor....

***

This applies to all claims and "suits" by any person or organization for damages, indemnity and/or any obligation to share damages with or repay someone else who must pay damages because of the injury.[18]

14. As the broad Injury to Worker Exclusion indicates, coverage under the Scottsdale policy is excluded for any employee of an insured or anyone directly or indirectly employed by a contractor, subcontractor or sub-subcontractor. The Third Amended Petition alleges that Antonio Gamez, Jr. "had been recruited and employed by LVG and/or Flores in Houston to join the crew

---

[18] Ex. C: Scottsdale policy, Injury to Worker Exclusion.

PD.27133355.1

- 6 -

that was performing the roof repair work on the building."[19] The Third Amended Petition also states that "Defendants Cavalry, Ferris, LVG and Flores (jointly Defendants) exercised and retained control over the manner in which the work was performed by Antonio Gamez, Jr...."[20] Thus, taking the allegations as true, Gamez was either an employee of Vazquez's or anyone directly or indirectly employed by a contractor, subcontractor or sub-subcontractor. Per the Injury to Worker Exclusion, Scottsdale owes no duty to defend Vazquez for this matter. For the same reasons there is no duty to defend, there is also no duty to indemnify Vazquez for any judgment entered against him or any settlement entered in this matter.

15. The policy also contains a Punitive or Exemplary Damage Exclusion which provides in pertinent part that Scottsdale "will have no obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages."[21] Consequently, there is no coverage for any award for punitive or exemplary damages.

16. Flores is not an insured under the policy. Moreover, the policy contains no additional insured endorsement. Further, there is no agreement between Flores and Vazquez in which Vazquez agreed to name Flores as an additional insured on any liability policies or defend or indemnify Flores. Additionally, Vazquez testified under oath on February 29, 2019 that he had no involvement with the project that is the subject of the lawsuit.[22] Thus, because Flores is not an insured, Scottsdale seeks a declaratory judgment that it has no duty to defend and no duty to indemnify Flores for the lawsuit.

Scottsdale respectfully requests a judgment from this Court that: (1) it owes no duty to defend Vazquez with respect to the underlying suit; (2) it owes no duty to indemnify Vazquez

---

[19] Ex. A: Third Amended Petition, ¶10.
[20] Ex. A: Third Amended Petition, ¶ 16.
[21] Ex. C: Scottsdale policy, Punitive or Exemplary Damage Exclusion.
[22] Ex. B: Deposition of Luis Vazquez, 28:11-23.

with respect to the underlying suit; (3) it owes no duties to Flores in the underlying lawsuit as he is not an insured under the policy, and such other relief to which it may be entitled in law or in equity.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/Chris Gabriel*

Chris Gabriel
Texas Bar No. 24074237
S.D. Tex. No. 1654572
115 Grand Avenue, Ste. 222
Southlake, Texas 76092
Ph: 817-488-3134
Fax: 817-488-3214
chris.gabriel@phelps.com

**ATTORNEY FOR SCOTTSDALE INSURANCE COMPANY**